(No. 4980-)

EDWARD OLTMAN and MAURICE TRANSPORT CO., INC., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 22, 1963.*

DUNN AND DUNN, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; by LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

Perlin, C. J.

Claimants, Edward Oltman and Maurice Transport Co., Inc., seek to recover damages to property and for personal injuries, which were allegedly incurred as a result of the drop of a bridge owned and controlled by respondent.

On June 15, 1960, at approximately 5:00 A.M., claimant Edward Oltman, an employee of claimant Maurice Transport Co., Inc., was driving a petroleum transport consisting of a 1960 International Tandem Tractor and 1959 Fruehauf Trailer from North Pekin, Illinois to Decatur, Illinois. Both units were six months old at the time. As he approached Lincoln, Illinois on Route No. 121, he had occasion to cross a bridge approximately four miles north of Lincoln. He did not notice anything unusual, as he entered upon the bridge and proceeded to cross; whereupon, as he reached the south end, he hit a bump, which caused the unit to be thrown into a series of bumps down the highway. He was able to bring the unit under control approximately one-fourth of a mile past the bridge. It was then discovered that the south end of the bridge had fallen 8 to 10 inches, thus causing the series of bumps.

As a result of the accident, the trailer was damaged, and repairs were necessitated to the extent of $910.97, which amount claimant Maurice Transport Co., Inc., requests in this proceeding. Claimant Edward Oltman requests $8,000.00 damages for personal injuries he allegedly incurred from the accident. He claims to have

bumped his head on the roof of the truck a number of times before it was brought under control.

Claimants allege that respondent was negligent in its duty to provide a safe surface for travel on the bridge in that it failed to inspect said bridge and maintain it in good repair. Respondent is charged with permitting a concrete footing of the bridge to break loose, thus causing the south end of the bridge to fall nearly one foot, causing an unsafe and dangerous condition and obstruction to ordinary traffic.

Respondent denies that it was negligent in any manner, and contends that it did not have notice, either actual or constructive, of the alleged defect.

George Garvey, a State Trooper, who investigated the accident, testified that the bridge had dropped between 8 and 10 inches below the floor of the bridge on the south end.

Nicholas Szabo, the Civil Engineer for the Illinois Division of Highways district in which the bridge was located, testified that he had made an inspection of the bridge on April 8, 1960. His inspection report made at this time was offered in evidence. The report stated that pier gaps and the bearings of the truss beam were cracked, and that there was scouring on the south side of the south pier of the truss span. The report further indicated that the general condition of the bridge was good, and there was no indication on the report that repairs should have been made.

Mr. Szabo testified that one of the cracked piers, which he examined, was the one which was responsible for causing the bridge drop. He explained that the scouring noted in his report was erosion of soil about five or ten feet from the south pier in question. However, he stated that the cracks looked like they were of a "weath-

ering variety'', and did not need immediate repair, nor did the scouring condition itself require immediate correction. Mr. Szabo further testified that his report was in the hands of the Department of Highways a week to ten days after it was made on April 8, 1960, some two months prior to this accident.

The District Maintenance Engineer, Paul Pearson, testified that he instructed Mr. Szabo to make the inspection, and that he received the report. He stated that the last repair made to the bridge occurred about four years before the accident. He examined the bridge the day of the accident, and testified that, in his opinion, the cause of the collapse was the longitudinal crack in the south pier weakened by the dead weight of the bridge itself and the passing vehicle. He stated that the fall of the truss would cause the floor of the bridge to drop approximately twelve inches.

In view of the above testimony, and the accompanying pictures and reports, the Court cannot accept respondent's argument that it had neither actual nor constructive notice of the condition of the bridge. It is clearly shown that two months before the accident the Department had in its possession a report, which indicated the nature of the defect—a crack in the bearings of the south pier, which ultimately caused the accident.

This Court has ruled that respondent is bound by a greater degree of care in the maintenance of bridges than the maintenance of other portions of the highway (*Skaggs* vs. *State of Illinois,* 21 C.C.R. 418). Respondent is, in the opinion of the Court, chargeable with negligence, which was the proximate cause of the accident.

The next question here involved is the extent of the damage to claimants. There is apparently no disagreement over the amount of $910.97, which is sought by

claimant Maurice Transport Co., Inc., for property damage to the tractor and trailer. However, damages in the amount of $8,000.00 requested by claimant Edward Oltman is not supported by the evidence.

The evidence reveals that claimant Oltman bumped his head several times in the course of the accident, and afterwards noticed that he had a headache and "was aching all over." He continued work, and three days after the accident first went to a doctor. He was given medical treatment consisting of diathermy and pills for a period of about six months, and has incurred medical expenses of $118.00.

Claimant's doctor testified by deposition that claimant was, as of June, 1961, still alleging lumbar-sacral pain.

Claimant Oltman testified that, despite his complaints, he lost no work because of his injuries, and was at the date of this hearing able to engage in his normal work and athletic activities.

It is the opinion of this Court that claimant Edward Oltman be awarded damages in the sum of $750.00, and claimant Maurice Transport Co., Inc., be awarded $910.97.